UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY J. ADAMS,

     Plaintiff,

v.                                  Case No. 2:08-cv-156
                                    HON. R. ALLAN EDGAR

KAREN PRUNICK, et. al.,

     Defendants.

_____/

## MEMORANDUM

### I.

Plaintiff Larry J. Adams is an inmate in the custody of the Michigan Department of Corrections (MDOC). On March 29 and 30, 2008, Adams was housed in the Alger Maximum Correctional Facility. Defendants Karen Prunick, Kenneth Clapp, Glen Hart, Robert Tenuta, Timothy Lee and Ronald Harris were, at the time of the events giving rise to this case, emp[loyed by MDOC as correctional officers at this prison. This Court conducted a bench trial on Adams' claims on June 22, 2010. This Memorandum is the Court's findings of fact and conclusions of law.

Shortly after 6:30 p.m. on March 29th, defendant Karen Prunick came to Adams' prison cell to collect his dinner tray, at which point Adams confronted her with his exposed penis. Prunick refused to accept the food tray under those circumstances, especially when Adams said: "If you don't like it, then you shouldn't be working in a male prison, bitch".

MDOC does not want prisoners to retain food trays in their cells because the trays can be made into weapons. On the other hand, the prison tried to avoid the dangerous confrontation that can occur if corrections officers enter into prisoners' cells and retrieve the food trays by force. Thus,

in this case, in an effort to entice him to surrender the food tray, someone at Alger Max placed a "no services"[1] restriction upon Adams until such time as he properly returned his food tray. There is no evidence that any of the named defendants initiated the "no services" restriction.

In Adams' case, this "no services" status meant that he would not be provided meals until he surrendered the food tray improperly retained by him in his cell. The next day, March 30th, Adams had several opportunities to return the food tray to corrections officers, but he failed or refused to do so.[2] Adams told defendant Glen Hart that Adams was "ok." Finally, after missing three meals on March 30th, Adams did surrender the retained food tray, approximately 24 hours after his indecent exposure. There was no testimony or evidence showing that Adams suffered any adverse consequences or harm from his self-imposed one day fast. Adams also failed to prove by a preponderance of the evidence his allegation that the defendants deprived him of water,

## II

Plaintiff Adams' first claim is that the three-meal food deprivation was cruel and unusual punishment under the Eighth Amendment to the United States Constitution. The Court finds that this claim is without merit.

The United States Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v. Chapman*, 452

---

[1]This status did not mean that Adams' cell was deprived of water, as he claims. The prison does not ever cut water off in cells, except in extreme situations where prisoners use toilets to flood the prison floor. Adams never complained about lack of water until the filing of this suit.

[2]He could have given the tray to Officer Glen Hart, who was on duty during the breakfast and lunch meals. Officer Kenneth Clapp, during the evening meal, told Adams that he would have to talk to Officer Karen Prunick. There is no evidence that Adams did this.

U.S. 337, 349 (1981). Under the Eighth Amendment, punishment imposed on prisoners may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes*, 452 U.S. at 345-46. The Eighth Amendment prohibits conduct by prison officials that amounts to the unnecessary and wanton infliction of pain on prisoners. *Id*. at 346; *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Prisoners must be provided with the necessities of life including adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832. The deprivation alleged by a prisoner must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.2d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id*. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

To establish an Eighth Amendment violation, plaintiff Adams is required to prove that a defendant acted with deliberate indifference to his basic need for nutritious food and/or water. Deliberate indifference is comprised of both an objective component and a subjective component. *Farmer*, 511 U.S. at 835-57. The objective component requires that the deprivation be "sufficiently serious," while the subjective component requires Adams to prove that a defendant had a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. To establish the subjective component, Adams must prove that a defendant knew of and disregarded an excessive risk to Adams' health. The defendant must have both been aware of facts from which an inference can be drawn that a

substantial risk of serious harm exists, and also draw the inference. *Farmer*, 511 U.S. at 837; *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009); *Farah v. Wellington*, 295 Fed. Appx. 743, 749 (6th Cir. 2008).

The Eighth Amendment protects a prisoner's right to receive food with sufficient nutrition that is adequate to maintain normal health. The deliberate and unnecessary withholding of food from a prisoner can constitute deliberate indifference to the prisoner's medical needs that violates the Eighth Amendment. *Cardinal*, 564 F.3d at 801; *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir. 1977); *Valarie v. Michigan Department of Corrections*, 2009 WL 2232684, ** 17-18 (W.D. Mich. July 22, 2009).

There is some authority that deprivation of food for more than several days is serious enough for an Eighth Amendment violation. *See Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (prisoner did not receive food for 3 to 4 days at a time); *Cooper v. Sheriff of Lubbock Co.*, 929 F.2d 1078, 1082-83 (5th Cir. 1991) (no food for 12 days); *Robles v. Coughlin*, 725 F.2d 12, 16 (2nd Cir. 1983)

However, Adams cannot meet his burden of proving the objective component of deliberate indifference under the Eighth Amendment. Adams was not deprived of water at all, and the deprivation of three meals on one day was not sufficiently serious to pose a serious risk of harm to Adams who has not presented evidence of any discomfort. Actually, none of the defendants is directly responsible for Adams being denied all three meals in one day.

Defendants further contend that Adams cannot meet his burden of proving the subjective component of deliberate indifference under the Eighth Amendment. Defendants argue there is no evidence to prove that they knew of and disregarded a substantial risk of serious harm to Adams'

health. The Court finds that there was, in fact, no such risk of serious harm to Adams.

Even if we assume *arguendo* that withholding three meals for one day may amount to cruel and unusual punishment in violation of the Eighth Amendment, the question arises here whether the deprivation of food was self-inflicted "punishment" by Adams' own conduct. Under the facts and circumstances of this case, Adams had it within his power to start receiving food again at any time by simply returning the food tray with his penis inside his pants. He failed or refused to return the food tray until the evening of March 30. The next day on March 31, corrections officers resumed the service of meals to Adams beginning with breakfast. These facts do not support a viable Eighth Amendment claim of cruel and unusual punishment. Adams' deprivation of food was self-inflicted. *Freeman v. Berge*, 441 F.3d 543 (7th Cir. 2005); *Rodriguez v. Briley*, 403 F.3d 952 (7th Cir. 2005); *Jones v. Carberry*, 2010 WL 1172562, *6 (W.D. Mich. March 24, 2010).

### III

Finally, Adams brings a First Amendment retaliation claim. Under the First Amendment to the United States Constitution a prisoner has the right to freedom of speech and the right to petition the government for redress of grievances. It is a violation of the Constitution to retaliate against a prisoner based upon the prisoner's exercise of his First Amendment rights. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

To prevail on a First Amendment retaliation claim, plaintiff Adams is required to prove three essential elements by a preponderance of the evidence: (1) he was engaged in conduct protected by the First Amendment; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. Adams must

prove that his exercise of the First Amendment right to make a grievance against Defendant Prunick was a substantial or motivating factor in a defendant's retaliatory conduct. *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

The First Amendment retaliation claim must be dismissed. There is no evidence in this case, other than Adams' oral assertions which are not credible, that he even filed a prisoner grievance against any of the defendants. No written grievance was provided to this Court and introduced into evidence at the trial. Therefore, Adams has not met his burden of proving by credible evidence that he engaged in conduct protected under the First Amendment by making a prisoner grievance. Hence, there is likewise no evidence that the defendants and their actions were motivated by an intent to retaliate against Adams for exercising a right protected by First Amendment.

Accordingly, a separate judgment will enter in favor of the defendants. All claims brought by plaintiff Adams against all of the defendants shall be dismissed with prejudice.

Dated: June 24, 2010.

_____*/s/ R. Allan Edgar*_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE